UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS


SUZANNE M. BIZILJ, Administratrix
of the Estate of ("NAME OMMITTED"),
SUZANNE M. BIZILJ, Individually,
CHARLES D. BIZILJ, and
("NAME OMMITTED"),
      Plaintiffs

v.                                            **CIVIL ACTION NO:** 10-CV-30080

DOMENICO J. SPANO,
D & T ARMS, LLC,
CARL GIUFFRE,
PROVOST PRECISION PISTOLS, LLC
EDWARD FLEURY,
COP FIREARMS & TRAINING,
WESTFIELD SPORTSMAN'S CLUB, INC.
      Defendants

## <u>COMPLAINT</u>

PLAINTIFFS DEMAND A TRIAL BY JURY

## <u>PARTIES</u>

1.     The Plaintiff, Suzanne M. Bizilj, is the Administratrix of the Estate of ("Name Omitted") by appointment of the State of Connecticut, Court of Probate, District of Ashford, and resides at 195 Zaicek Road, Ashford, Connecticut.

2.     The Plaintiff, Suzanne M. Bizilj, is an individual residing at 195 Zaicek Road, Ashford, Connecticut.

3.     The Plaintiff, Charles D. Bizilj, is an individual residing at 195 Zaicek Road, Ashford, Connecticut.

4.     The Plaintiff, ("Name Omitted"), is an individual residing at 195 Zaicek Road, Ashford, Connecticut.

5.      The Defendant, Westfield Sportsman's Club, Inc. is a duly organized corporation with a principal place of business at Furrowtown Road, Westfield, Massachusetts ("Westfield Sportsman's Club").

6.      The Defendant, COP Firearms & Training of Amherst is a duly organized corporation, with a principal place of business in Amherst, Massachusetts ("COP Firearms").

7.      The Defendant, Edward Fleury, is an individual with a last known address of 45 Harvard Avenue, Amherst, Massachusetts ("Fleury").

8.      The Defendant, Provost Precision Pistols, LLC is a duly organized limited liability company with a principal place of business at 22 Sunrise Terrace, Weatogue, Connecticut 06089 ("P3, LLC").

9.      The Defendant, Carl Giuffre, is an individual residing at 31 Walker Lane, West Hartford, Connecticut 06117 ("Giuffre").

10.     The Defendant, D & T Arms, LLC is a duly organized limited liability company with a principal place of business at 331 Kent Road, New Milford, Connecticut 06776 ("D & T Arms").

11.     The Defendant Domenico, J. Spano, is an individual residing at 18 Lily Pond Trail, New Milford, Connecticut  06776 (Spano").

## JURISDICTION AND VENUE

12.     The matter in controversy, exclusive of interest and costs, exceeds the sum specified by 28 U.S.C. § 1332.

13.     The court has jurisdiction based upon diversity of citizenship as set forth in 28 U.S.C.§ 1332.

14.     Venue is proper in this judicial district under 28 U.S.C. § 1391(a) in that a substantial part of the acts and omissions giving rise to the claim asserted herein occurred in this judicial district at Westfield, Massachusetts.

## BASIS FOR RELIEF

15. On October 26, 2008, a firearms show and exposition was held at the Westfield Sportsman's Club, on Furrowtown Road in Westfield, Massachusetts.  Said show was billed as a Machine Gun Show and Firearms Expo, called the "Great New England Pumpkin Shoot".

16.     At all times material hereto, the Westfield Sportsman's Club and the property at said Furrowtown Road was under the ownership and control of the Defendant, Westfield Sportsman's Club, Inc.

17.     The aforesaid machine gun show and firearms expo was sponsored by the Defendant, Edward Fleury and the company he owns and operates, the Defendant, COP Firearms & Training.

18.     The aforesaid Machine Gun Show and Firearm Expo, ("Expo") was advertised as an opportunity to "shoot machine guns" and automatic weapons, without the requirement of permits or licenses to do so.

19.     During the course of the Expo, individuals attending the Expo, could, for a fee, purchase the opportunity to fire any of the firearms and weapons made available by the sponsors, participants, and Defendants named herein.

20.     No license or permit was required by the Expo sponsors, participants and Defendants named herein for patrons to purchase ammunition for the firearms, nor to use the weapons.

21.     The Plaintiff, Charles Bizilj, attended the aforesaid Expo with his two children, the decedent, ("Name Omitted"), age 8, and Colin C. Bizilj, age 11.

22.     The Plaintiff, Charles Bizilj, purchased the opportunity for his son, the decedent, ("Name Omitted"), age 8, to fire a Micro Uzi 9mm automatic weapon.

23.     The Micro Uzi 9mm, which is the subject matter of his action, was owned by the Defendant Giuffre, individually and by the company under his ownership and control, P3, LLC.  The aforesaid weapon was brought to the Expo by the Defendant Spano, individually and the company under his ownership and control, D & T Arms, LLC.

24.     Giuffre and Spano were designated as "renters" at the Expo, hired and solicited by Fleury to provide firearms and weapons for use by the Expo's patrons.

25.     At all times material hereto, the Micro Uzi 9mm and the ammunition for said weapon, were in the custody and/or control of the Defendants named herein.

26.     At all times material hereto, the Micro Uzi 9mm and the ammunition for said weapon constituted a clearly hazardous and dangerous instrumentality.

27.     The decedent went to the firing line under the control of the Defendant named herein and more specifically, Spano and D & T Arms, LLC to fire the Micro Uzi 9mm, owned by Giuffre and P3, LLC.

28.     The "Line-Officer" of the firing line was 15 year old ("Name Omitted"). The "Line-Officer's" function is to load the weapon, hand it to the participant, and provide instructions on it's use.

29.     ("Name Omitted") loaded the Micro Uzi 9mm automatic weapon, and handed it to the decedent. The decedent's father, Charles Bizilj was ordered to stay clear of the area and was required to stand behind restraining ropes.

30.     The Micro Uzi 9mm was provided by the Defendants named herein to the decedent, who has no license or permit to fire or possess same in violation of the Laws of the Commonwealth of Massachusetts, which prohibit furnishing a machine gun and/or automatic weapon to a minor.

31.     The 15 year old "Line-Officer", ("Name Omitted"), backed away from the decedent after handing the child a loaded, fully automatic weapon.

32.     The decedent attempted to fire the aforesaid weapon, and the weapon jammed, i.e. round of ammunition was stuck and the weapon did not fire. The Line Officer, ("Name Omitted"), retrieved the weapon from the decedent, and cleared what the Plaintiffs believe and therefore aver was a jammed round of ammunition, and again handed the loaded Micro Uzi 9mm automatic weapon to the decedent.

33.     The decedent once again attempted to fire the said weapon, and once again, the weapon jammed and did not fire.  The decedent returned the weapon to the Line Officer, ("Name Omitted"), who, the Plaintiffs believe and therefore aver, cleared the jammed round of ammunition.  The said Line Officer handed the weapon to the decedent.

34.     Without further instruction or guidance from the Line Officer, the decedent placed his fingers on the trigger mechanism of the weapon and attempted to raise the Micro Uzi 9mm to his shoulder.  The stock of the weapon slipped down from the decedent's shoulder, and the barrel of same spun upward. The decedent attempted to prevent the weapon from falling, and in doing so, the Micro Uzi 9mm discharged.

35.    The Plaintiffs believe and therefore aver the Micro Uzi 9mm machine gun, the use which is the subject of this action, was defective and unreasonably dangerous at the time it left the possession, custody and/or control of the Defendants named herein.

36.    The Plaintiffs believe, and therefore aver, the defects were the direct result of the Defendants named herein failure to properly maintain, examine, inspect and service the aforesaid weapon.  The Defendants named herein, thereafter provided the said weapon for use by the decedent representing the Micro Uzi 9mm machine gun was free from defects.

37.    The said defects, singularly and/or in combination, with the other factors set forth herein, were a proximate cause of the injuries and damages sustained by the decedent and the Plaintiffs.

38.    The Defendants named herein wantonly and recklessly disregarded the facts which the Defendants named herein knew or reasonably should have known, which showed that the Micro Uzi 9mm machine gun was defective and/or unreasonably dangerous.  Nevertheless, in conscious disregard of the of the rights and safety of the users of the Micro Uzi 9mm machine gun, the Defendants named herein failed to remedy or warn of the defective and unreasonably dangerous condition.

39.    The decedent, ("Name Omitted"), died as a result of the aforesaid gunshot wound to the head.

## COUNT 1
## Negligent Entrustment - Westfield Sportsman's Club, Inc.

40.    Plaintiff restates and alleges the allegations contained in paragraphs 1 through 39 as if fully incorporated herein.

41.    The Defendant, Westfield Sportsman's Club was at all times material hereto under the ownership and control of the Defendant, Westfield Sportsman's Club, Inc.

42.    The Defendant, Westfield Sportsman's Club, knew or reasonably should have known that the sponsors and renters of the Expo did unlawfully, negligently and recklessly furnish machine guns and automatic weapons to minors for firing.

43.    The Defendant, Westfield Sportsman's Club did negligently and recklessly allow the decedent, ("Name Omitted"), to come into his possession and

control a Micro Uzi 9mm machine gun, and to allow him to fire same on October 26, 2008.

44.     The Defendant, Westfield Sportsman's Club, knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of a machine gun.

45.     The Defendant, Westfield Sportsman's Club, owed the duty of ordinary care to those individuals lawfully on the premises under it's ownership and control to ensure that all firearms would be handled safely, properly, and in accordance with all applicable laws.

46.     The Defendant, Westfield Sportsman's Club, breached its aforesaid duty of care by allowing the Co-Defendants to provide firearms, to wit a Micro Uzi 9mm, to the decedent, as aforesaid.

47.     As a result, the decedent was unable to control the aforesaid weapon, and upon the discharge and recoil of same, was shot in the head, resulting in his death.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Westfield Sportsman's Club, in the amount of $1,000,000.00, together with interest thereon and costs.

## COUNT 2
## Negligent Entrustment - COP Firearms & Training

48.     Plaintiff restates and alleges the allegations contained in paragraphs 1 through 47 as if fully incorporated herein.

49.     The Defendant, COP Firearms & Training was at all times material hereto under the ownership and control of the Defendant, Edward Fleury.

50.     The Defendant, COP Firearms & Training,  knew, or reasonably should have known that the sponsors and renters of the Expo did unlawfully, negligently and recklessly furnish machine guns and automatic weapons to minors for firing.

51.     The Defendant, COP Firearms & Training, did negligently and recklessly allow the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm machine gun, and to allow him to fire same on October 26, 2008.

52.   The Defendant, COP Firearms & Training , knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of a machine gun.

53.   The Defendant, COP Firearms & Training, owed the duty of ordinary care to those individuals lawfully attending the Expo to ensure that all firearms would be handled safely, properly, and in accordance with all applicable laws.

54.   As a result, the decedent was unable to control the aforesaid weapon, and upon the discharge and recoil of same, was shot in the head, resulting in his death.
      Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, COP Firearms & Training, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 3
## Negligent Entrustment - Edward Fleury

55.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 54 as if fully incorporated herein.

56.   The Defendant, Edward Fleury, was at all times material hereto the officer, director, and shareholder of COP Firearms & Training.

57.   The Defendant, Edward Fleury, was at all times material hereto the Chief of Police for Pelham, Massachusetts Police Department.

58.   The Defendant, Edward Fleury,  knew, or reasonably should have known that the sponsors and renters of the Expo did unlawfully, negligently and recklessly furnish machine guns and automatic weapons to minors for firing.

59.   The Defendant, Edward Fleury, did negligently and recklessly allow the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm machine gun, and to allow him to fire same on October 26, 2008.

60.   The Defendant, Edward Fleury , knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of a machine gun.

61.    As a result, the decedent was unable to control the aforesaid weapon, and upon the discharge and recoil of same, was shot in the head, resulting in his death.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Edward Fleury, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 4
## Negligent Entrustment - Provost Precision Pistols, LLC

62.    Plaintiff restates and alleges the allegations contained in paragraphs 1 through 61 as if fully incorporated herein.

63.    The Defendant, Provost Precision Pistols, LLC was at all times material hereto under the ownership and control of the Defendant, Carl Giuffre.

64.    The Defendant, Provost Precision Pistols, LLC,  knew, or reasonably should have known that the sponsors and renters of the Expo did unlawfully, negligently and recklessly furnish machine guns and automatic weapons to minors for firing.

65.    The Defendant, Provost Precision Pistols, LLC, did negligently and recklessly allow the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm machine gun, and to allow him to fire same on October 26, 2008.

66.    The Defendant, Provost Precision Pistols, LLC , knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of a machine gun.

67.    As a result, the decedent was unable to control the aforesaid weapon, and upon the discharge and recoil of same, was shot in the head, resulting in his death.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Provost Precision Pistols, LLC, in the amount of $1,000,000.00 together with interest thereon and costs.

**COUNT 5**
**Negligent Entrustment - Carl Giuffre**

68.     Plaintiff restates and alleges the allegations contained in paragraphs 1
        through 67 as if fully incorporated herein.

69.     The Defendant, Carl Giuffre,  was at all times material hereto the officer,
        director and shareholder of the Defendant, Provost Precision Pistols, LLC.

70.     The Defendant, Carl Giuffre,  knew, or reasonably should have known that
        the sponsors and renters of the Expo did unlawfully, negligently and
        recklessly furnish machine guns and automatic weapons to minors for
        firing.

71.     The Defendant, Carl Giuffre, did negligently and recklessly allow the
        decedent, ("Name Omitted"), to come into his possession and control a
        Micro Uzi 9mm machine gun, and to allow him to fire same on October 26,
        2008.

72.     The Defendant, Carl Giuffre , knew or reasonably should have known that
        the decedent was not a lawful and proper person to have possession and use
        of a machine gun.

73.     As a result, the decedent was unable to control the aforesaid weapon, and
        upon the discharge and recoil of same, was shot in the head, resulting in his
        death.

        Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of
("Name Omitted"), demands judgment against the Defendant, Carl Giuffre, in the
amount of $1,000,000.00  together with interest thereon and costs.

**COUNT 6**
**Negligent Entrustment - D & T Arms, LLC**

74.     Plaintiff restates and alleges the allegations contained in paragraphs 1
        through 73 as if fully incorporated herein.

75.     The Defendant, D & T Arms, was at all times material hereto under the
        ownership and control of the Defendant, Domenico J. Spano.

76.     The Defendant, D & T Arms,  knew, or reasonably should have known that
        the sponsors and renters of the Expo did unlawfully, negligently and
        recklessly furnish machine guns and automatic weapons to minors for

firing.

77.   The Defendant, D & T Arms, did negligently and recklessly allow the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm machine gun, and to allow him to fire same on October 26, 2008.

78.   The Defendant, D & T Arms , knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of a machine gun.

79.   As a result, the decedent was unable to control the aforesaid weapon, and upon the discharge and recoil of same, was shot in the head, resulting in his death.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, D & T Arms, in the amount of $1,000,000.00  together with interest thereon and costs.

## COUNT 7
## Negligent Entrustment - Domenico J. Spano

80.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 79 as if fully incorporated herein.

81.   The Defendant, Domenico J. Spano, was at all times material hereto the officer, director and shareholder of D & T Arms, LLC

82.   The Defendant, Domenico J. Spano,  knew, or reasonably should have known that the sponsors and renters of the Expo did unlawfully, negligently and recklessly furnish machine guns and automatic weapons to minors for firing.

83.   The Defendant, Domenico J. Spano, did negligently and recklessly allow the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm machine gun, and to allow him to fire same on October 26, 2008.

84.   The Defendant, Domenico J. Spano, knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of a machine gun.

85.   As a result, the decedent was unable to control the aforesaid weapon, and

upon the discharge and recoil of same, was shot in the head, resulting in his death.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Domenico J. Spano, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 8
## Negligent Maintenance - Westfield Sportsman's Club, Inc.

86.   Plaintiff restates and alleges the allegations contained in paragraph 1 through 85 as if fully incorporated herein.

87.   The Defendant, Westfield Sportsman's Club, was negligent, reckless and grossly negligent in failing to properly maintain the Micro Uzi 9mm machine gun which was under it's direct and/or indirect custody and control.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Westfield Sportsman's Club, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 9
## Negligent Maintenance - COP Firearms & Training

88.   Plaintiff restates and alleges the allegations contained in paragraph 1 through 87 as if fully incorporated herein.

89.   The Defendant, COP Firearms & Training, was negligent, reckless and grossly negligent in failing to properly maintain the Micro Uzi 9mm machine gun which was under it's direct and/or indirect custody and control.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, COP Firearms & Training, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 10
## Negligent Maintenance - Edward Fleury

90.   Plaintiff restates and alleges the allegations contained in paragraph 1 through 89 as if fully incorporated herein.

91.   The Defendant, Edward Fleury, was negligent, reckless and grossly negligent in failing to properly maintain the Micro Uzi 9mm machine gun which was under it's direct and/or indirect custody and control.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Edward Fleury, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 11
## Negligent Maintenance - Provost Precision Pistols, LLC

92.   Plaintiff restates and alleges the allegations contained in paragraph 1 through 91 as if fully incorporated herein.

93.   The Defendant, Provost Precision Pistols, LLC, was negligent, reckless and grossly negligent in failing to properly maintain the Micro Uzi 9mm machine gun which was under it's direct and/or indirect custody and control.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Provost Precision Pistols, LLC, in the amount of $1,000,000.00  together with interest thereon and costs.

## COUNT 12
## Negligent Maintenance - Carl Giuffre

94.   Plaintiff restates and alleges the allegations contained in paragraph 1 through 93 as if fully incorporated herein.

95.   The Defendant, Carl Giuffre, was negligent, reckless and grossly negligent in failing to properly maintain the Micro Uzi 9mm machine gun which was under it's direct and/or indirect custody and control.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Carl Giuffre, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 13
## Negligent Maintenance - D & T Arms, LLC

96.   Plaintiff restates and alleges the allegations contained in paragraph 1

through 95 as if fully incorporated herein.

97.   The Defendant, D & T Arms, LLC, was negligent, reckless and grossly negligent in failing to properly maintain the Micro Uzi 9mm machine gun which was under it's direct and/or indirect custody and control.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, D & T Arms, LLC, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 14
## Negligent Maintenance - Domenico J. Spano

98.   Plaintiff restates and alleges the allegations contained in paragraph 1 through 97 as if fully incorporated herein.

99.   The Defendant, Domenico J. Spano, was negligent, reckless and grossly negligent in failing to properly maintain the Micro Uzi 9mm machine gun which was under it's direct and/or indirect custody and control.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Domenico J. Spano, in the amount of $1,000,000.00  together with interest thereon and costs.

## COUNT 15
## Negligent Training - Westfield Sportsman's Club, Inc.

100.   Plaintiff restates and alleges the allegations contained in paragraph 1 through 99 as if fully incorporated herein.

101.   The Defendant, Westfield Sportsman's Club, Inc. had a duty of care to those individuals participating and attending the Expo, to protect said individuals from hazards which it was aware of or reasonably should have been aware of.

102.   The Defendant knew or reasonably should have known that Line Officer, ("Name Omitted"), a 15 year old, was not qualified or adequately trained to supervise the firing of automatic weapons, such as the Micro Uzi 9mm, creating an unreasonable risk of injury to patrons of the Expo.

103.   The Defendant negligently breached it's aforesaid duty of care to patrons of the Expo, and more specifically to the Plaintiffs, by allowing the aforesaid Line Officer, ("Name Omitted"), to monitor and supervise the firing of the

Micro Uzi 9mm by the decedent, when it knew or reasonably should have known, said Line Officer was not trained and qualified to do so.

104.    As a direct and proximate result of said negligence, the decedent was injured as aforesaid, resulting in his death.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Westfield Sportsman's Club, Inc., in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 16
## Negligent Training - COP Firearms & Training

105.    Plaintiff restates and alleges the allegations contained in paragraph 1 through 104 as if fully incorporated herein.

106.    The Defendant, COP Firearms & Training had a duty of care to those individuals participating and attending the Expo, to protect said individuals from hazards which it was aware of or reasonably should have been aware of.

107.    The Defendant knew or reasonably should have known that Line Officer, ("Name Omitted"), a 15 year old, was not qualified or adequately trained to supervise the firing of automatic weapons, such as the Micro Uzi 9mm, creating an unreasonable risk of injury to patrons of the Expo.

108.    The Defendant negligently breached it's aforesaid duty of care to patrons of the Expo, and more specifically to the Plaintiffs, by allowing the aforesaid Line Officer, ("Name Omitted"), to monitor and supervise the firing of the Micro Uzi 9mm by the decedent, when it knew or reasonably should have known, said Line Officer was not trained and qualified to do so.

109.    As a direct and proximate result of said negligence, the decedent was injured as aforesaid, resulting in his death.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, COP Firearms & Training, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 17
## Negligent Training - Edward Fleury

110.   Plaintiff restates and alleges the allegations contained in paragraph 1
       through 109 as if fully incorporated herein.

111.   The Defendant, Edward Fleury, had a duty of care to those individuals
       participating and attending the Expo, to protect said individuals from
       hazards which it was aware of or reasonably should have been aware of.

112.   The Defendant knew or reasonably should have known that Line Officer,
       ("Name Omitted"), a 15 year old, was not qualified or adequately trained to
       supervise the firing of automatic weapons, such as the Micro Uzi 9mm,
       creating an unreasonable risk of injury to patrons of the Expo.

113.   The Defendant negligently breached it's aforesaid duty of care to patrons of
       the Expo, and more specifically to the Plaintiffs, by allowing the aforesaid
       Line Officer, ("Name Omitted"), to monitor and supervise the firing of the
       Micro Uzi 9mm by the decedent, when it knew or reasonably should have
       known, said Line Officer was not trained and qualified to do so.

114.   As a direct and proximate result of said negligence, the decedent was
       injured as aforesaid, resulting in his death.

       Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of
("Name Omitted"), demands judgment against the Defendant, Edward Fleury, in
the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 18
## Negligent Training - Provost Precision Pistols, LLC

115.   Plaintiff restates and alleges the allegations contained in paragraph 1
       through 114 as if fully incorporated herein.

116.   The Defendant, Provost Precision Pistols, LLC, had a duty of care to those
       individuals participating and attending the Expo, to protect said individuals
       from hazards which it was aware of or reasonably should have been aware
       of.

117.   The Defendant knew or reasonably should have known that Line Officer,
       ("Name Omitted"), a 15 year old, was not qualified or adequately trained to
       supervise the firing of automatic weapons, such as the Micro Uzi 9mm,
       creating an unreasonable risk of injury to patrons of the Expo.

118. The Defendant negligently breached it's aforesaid duty of care to patrons of the Expo, and more specifically to the Plaintiffs, by allowing the aforesaid Line Officer, ("Name Omitted"), to monitor and supervise the firing of the Micro Uzi 9mm by the decedent, when it knew or reasonably should have known, said Line Officer was not trained and qualified to do so.

119. As a direct and proximate result of said negligence, the decedent was injured as aforesaid, resulting in his death.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Provost Precision Pistols, LLC, in the amount of $1,000,000.00 together with interest thereon and costs.


## COUNT 19
## Negligent Training - Carl Giuffre

120. Plaintiff restates and alleges the allegations contained in paragraph 1 through 119 as if fully incorporated herein.

121. The Defendant, Carl Giuffre, had a duty of care to those individuals participating and attending the Expo, to protect said individuals from hazards which it was aware of or reasonably should have been aware of.

122. The Defendant knew or reasonably should have known that Line Officer, ("Name Omitted"), a 15 year old, was not qualified or adequately trained to supervise the firing of automatic weapons, such as the Micro Uzi 9mm, creating an unreasonable risk of injury to patrons of the Expo.

123. The Defendant negligently breached it's aforesaid duty of care to patrons of the Expo, and more specifically to the Plaintiffs, by allowing the aforesaid Line Officer, ("Name Omitted"), to monitor and supervise the firing of the Micro Uzi 9mm by the decedent, when it knew or reasonably should have known, said Line Officer was not trained and qualified to do so.

124. As a direct and proximate result of said negligence, the decedent was injured as aforesaid, resulting in his death.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Carl Giuffre, in the amount of $1,000,000.00  together with interest thereon and costs.

**COUNT 20**
**Negligent Training - D & T Arms, LLC**

125.   Plaintiff restates and alleges the allegations contained in paragraph 1
       through 124 as if fully incorporated herein.

126.   The Defendant, D & T Arms, LLC, had a duty of care to those individuals
       participating and attending the Expo, to protect said individuals from
       hazards which it was aware of or reasonably should have been aware of.

127.   The Defendant knew or reasonably should have known that Line Officer,
       ("Name Omitted"), a 15 year old, was not qualified or adequately trained to
       supervise the firing of automatic weapons, such as the Micro Uzi 9mm,
       creating an unreasonable risk of injury to patrons of the Expo.

128.   The Defendant negligently breached it's aforesaid duty of care to patrons of
       the Expo, and more specifically to the Plaintiffs, by allowing the aforesaid
       Line Officer, ("Name Omitted"), to monitor and supervise the firing of the
       Micro Uzi 9mm by the decedent, when it knew or reasonably should have
       known, said Line Officer was not trained and qualified to do so.

129.   As a direct and proximate result of said negligence, the decedent was
       injured as aforesaid, resulting in his death.

       Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of
("Name Omitted"), demands judgment against the Defendant, D & T Arms, LLC,
in the amount of $1,000,000.00 together with interest thereon and costs.

**COUNT 21**
**Negligent Training - Domenico J. Spano**

130.   Plaintiff restates and alleges the allegations contained in paragraph 1
       through 129 as if fully incorporated herein.

131.   The Defendant, Domenico J. Spano, had a duty of care to those individuals
       participating and attending the Expo, to protect said individuals from
       hazards which it was aware of or reasonably should have been aware of.

132.   The Defendant knew or reasonably should have known that Line Officer,
       ("Name Omitted"), a 15 year old, was not qualified or adequately trained to
       supervise the firing of automatic weapons, such as the Micro Uzi 9mm,
       creating an unreasonable risk of injury to patrons of the Expo.

133. The Defendant negligently breached it's aforesaid duty of care to patrons of the Expo, and more specifically to the Plaintiffs, by allowing the aforesaid Line Officer, ("Name Omitted"), to monitor and supervise the firing of the Micro Uzi 9mm by the decedent, when it knew or reasonably should have known, said Line Officer was not trained and qualified to do so.

134. As a direct and proximate result of said negligence, the decedent was injured as aforesaid, resulting in his death.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Domenico J. Spano, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 22
## Wrongful Death - Westfield Sportsman's Club, Inc.

135. Plaintiff restates and alleges the allegations contained in paragraphs 1 through 135 as if fully incorporated herein.

136. The Defendant, Westfield Sportsman's Club, was negligent, reckless, and grossly negligent in allowing the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm automatic weapon, and to allow said decedent to fire same on October 26, 2008.

137. The Defendant, Westfield Sportsman's Club, knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of an automatic weapon.

138. As a direct and proximate result of the Defendant, Westfield Sportsman's Club's negligence and reckless conduct, the decedent was allowed to fire the aforesaid automatic weapon, was unable to control same, and upon the involuntary discharge and recoil of the automatic weapon, shot himself in the head, resulting in his death.

139. The Count against the Defendant, Westfield Sportsman's Club, is for wrongful death brought by the Administratrix of the decedent's estate pursuant to M.G.L. ch. 229, section 2.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Westfield Sportsman's Club, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 23
## Wrongful Death - COP Firearms & Training

140.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 139 as if fully incorporated herein.

141.   The Defendant, COP Firearms & Training, was negligent, reckless, and grossly negligent in allowing the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm automatic weapon, and to allow said decedent to fire same on October 26, 2008.

142.   The Defendant, COP Firearms & Training, knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of an automatic weapon.

143.   As a direct and proximate result of the Defendant, COP Firearms & Training's negligence and reckless conduct, the decedent was allowed to fire the aforesaid automatic weapon, was unable to control same, and upon the involuntary discharge and recoil of the automatic weapon, shot himself in the head, resulting in his death.

144.   The Count against the Defendant, COP Firearms & Training, is for wrongful death brought by the Administratrix of the decedent's estate pursuant to M.G.L. ch. 229, section 2.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, COP Firearms & Training, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 24
## Wrongful Death - Edward Fleury

145.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 144 as if fully incorporated herein.

146.   The Defendant, Edward Fleury, was negligent, reckless, and grossly negligent in allowing the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm automatic weapon, and to allow said decedent to fire same on October 26, 2008.

147.   The Defendant, Edward Fleury, knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of an automatic weapon.

148.    As a direct and proximate result of the Defendant, Edward Fleury's negligence and reckless conduct, the decedent was allowed to fire the aforesaid automatic weapon, was unable to control same, and upon the involuntary discharge and recoil of the automatic weapon, shot himself in the head, resulting in his death.

149.    The Count against the Defendant, Edward Fleury, is for wrongful death brought by the Administratrix of the decedent's estate pursuant to M.G.L. ch. 229, section 2.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Edward Fleury, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 25
## Wrongful Death - Provost Precision Pistols, LLC

150.    Plaintiff restates and alleges the allegations contained in paragraphs 1 through 149 as if fully incorporated herein.

151.    The Defendant, Provost Precision Pistols, LLC, was negligent, reckless, and grossly negligent in allowing the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm automatic weapon, and to allow said decedent to fire same on October 26, 2008.

152.    The Defendant, Provost Precision Pistols, LLC, knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of an automatic weapon.

153.    As a direct and proximate result of the Defendant, Provost Precision Pistols, LLC's negligence and reckless conduct, the decedent was allowed to fire the aforesaid automatic weapon, was unable to control same, and upon the involuntary discharge and recoil of the automatic weapon, shot himself in the head, resulting in his death.

154.    The Count against the Defendant, Provost Precision Pistols, LLC, is for wrongful death brought by the Administratrix of the decedent's estate pursuant to M.G.L. ch. 229, section 2.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Provost Precision Pistols, LLC, in the amount of $1,000,000.00  together with interest thereon and costs.

## COUNT 26
## Wrongful Death - Carl Giuffre

155.    Plaintiff restates and alleges the allegations contained in paragraphs 1 through 154 as if fully incorporated herein.

156.    The Defendant, Carl Giuffre, was negligent, reckless, and grossly negligent in allowing the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm automatic weapon, and to allow said decedent to fire same on October 26, 2008.

157.    The Defendant, Carl Giuffre, knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of an automatic weapon.

158.    As a direct and proximate result of the Defendant, Carl Giuffre's negligence and reckless conduct, the decedent was allowed to fire the aforesaid automatic weapon, was unable to control same, and upon the involuntary discharge and recoil of the automatic weapon, shot himself in the head, resulting in his death.

159.    The Count against the Defendant, Carl Giuffre, is for wrongful death brought by the Administratrix of the decedent's estate pursuant to M.G.L. ch. 229, section 2.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Carl Giuffre, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 27
## Wrongful Death - D & T Arms, LLC

160.    Plaintiff restates and alleges the allegations contained in paragraphs 1 through 159 as if fully incorporated herein.

161.    The Defendant, D & T Arms, LLC, was negligent, reckless, and grossly negligent in allowing the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm automatic weapon, and to allow said decedent to fire same on October 26, 2008.

162.    The Defendant, D & T Arms, LLC, knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of an automatic weapon.

163.  As a direct and proximate result of the Defendant, D & T Arms, LLC's negligence and reckless conduct, the decedent was allowed to fire the aforesaid automatic weapon, was unable to control same, and upon the involuntary discharge and recoil of the automatic weapon, shot himself in the head, resulting in his death.

164.  The Count against the Defendant, D & T Arms, LLC, is for wrongful death brought by the Administratrix of the decedent's estate pursuant to M.G.L. ch. 229, section 2.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, D & T Arms, LLC, in the amount of $1,000,000.00 together with interest and costs.

## COUNT 28
## Wrongful Death - Domenico J. Spano

165.  Plaintiff restates and alleges the allegations contained in paragraphs 1 through 164 as if fully incorporated herein.

166.  The Defendant, Domenico J. Spano, was negligent, reckless, and grossly negligent in allowing the decedent, ("Name Omitted"), to come into his possession and control a Micro Uzi 9mm automatic weapon, and to allow said decedent to fire same on October 26, 2008.

167.  The Defendant, Domenico J. Spano, knew or reasonably should have known that the decedent was not a lawful and proper person to have possession and use of an automatic weapon.

168.  As a direct and proximate result of the Defendant, Domenico J. Spano's negligence and reckless conduct, the decedent was allowed to fire the aforesaid automatic weapon, was unable to control same, and upon the involuntary discharge and recoil of the automatic weapon, shot himself in the head, resulting in his death.

169.  The Count against the Defendant, Domenico J. Spano, is for wrongful death brought by the Administratrix of the decedent's estate pursuant to M.G.L. ch. 229, section 2.

Wherefore the Plaintiff, Suzanne M. Bizilj, Administratrix of the Estate of ("Name Omitted"), demands judgment against the Defendant, Domenico J. Spano, in the amount of $1,000,000.00  together with interest thereon and costs.

## COUNT 29
## Infliction of Emotional Distress - Westfield Sportsman's Club, Inc.

170.  Plaintiff restates and alleges the allegations contained in paragraphs 1 through 169 as if fully incorporated herein.

171.  At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Suzanne M. Bizilj was that of son and mother respectively.

172.  Due to the negligence of the Defendant, Westfield Sportsman's Club, Inc., and as a proximate cause of that negligence, the Plaintiff, Suzanne M. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause her great physical and mental pain, suffering and anguish.

Wherefore, the Plaintiff, Suzanne M. Bizilj, demands judgement against the Defendant, Westfield Sportsman's Club, Inc. in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 30
## Infliction of Emotional Distress - COP Firearms & Training

173.  Plaintiff restates and alleges the allegations contained in paragraphs 1 through 172 as if fully incorporated herein.

174.  At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Suzanne M. Bizilj was that of son and mother respectively.

175.  Due to the negligence of the Defendant, COP Firearms & Training, and as a proximate cause of that negligence, the Plaintiff, Suzanne M. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause her great physical and mental pain, suffering and anguish.

Wherefore, the Plaintiff, Suzanne M. Bizilj, demands judgement against the

Defendant, COP Firearms & Training in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 31
## Infliction of Emotional Distress - Edward Fleury

176.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 173 as if fully incorporated herein.

177.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Suzanne M. Bizilj was that of son and mother respectively.

178.   Due to the negligence of the Defendant, Edward Fleury, and as a proximate cause of that negligence, the Plaintiff, Suzanne M. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause her great physical and mental pain, suffering and anguish.

Wherefore, the Plaintiff, Suzanne M. Bizilj, demands judgement against the Defendant, Edward Fleury in the amount of $1,000,000.00  together with interest thereon and costs.

## COUNT 32
## Infliction of Emotional Distress - Provost Precision Pistols, LLC

179.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 178 as if fully incorporated herein.

180.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Suzanne M. Bizilj was that of son and mother respectively.

181.   Due to the negligence of the Defendant, Provost Precision Pistols, LLC, and as a proximate cause of that negligence, the Plaintiff, Suzanne M. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause her great physical and mental pain, suffering and anguish.

Wherefore, the Plaintiff, Suzanne M. Bizilj, demands judgement against the Defendant, Provost Precision Pistols, LLC in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 33
## Infliction of Emotional Distress - Carl Giuffre

182.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 179 as if fully incorporated herein.

183.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Suzanne M. Bizilj was that of son and mother respectively.

184.   Due to the negligence of the Defendant, Carl Giuffre, and as a proximate cause of that negligence, the Plaintiff, Suzanne M. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause her great physical and mental pain, suffering and anguish.

Wherefore, the Plaintiff, Suzanne M. Bizilj, demands judgement against the Defendant, Carl Giuffre, in the amount of $1,000,000.00  together with interest thereon and costs.

## COUNT 34
## Infliction of Emotional Distress - D & T Arms, LLC

185.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 184 as if fully incorporated herein.

186.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Suzanne M. Bizilj was that of son and mother respectively.

187.   Due to the negligence of the Defendant, D & T Arms, LLC, and as a proximate cause of that negligence, the Plaintiff, Suzanne M. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause her great physical and mental pain, suffering and anguish.

Wherefore, the Plaintiff, Suzanne M. Bizilj, demands judgement against the Defendant, D & T Arms, LLC in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 35
## Infliction of Emotional Distress - Domenico J. Spano

188.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 187 as if fully incorporated herein.

189.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Suzanne M. Bizilj was that of son and mother respectively.

190.   Due to the negligence of the Defendant, Domenico J. Spano, and as a proximate cause of that negligence, the Plaintiff, Suzanne M. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause her great physical and mental pain, suffering and anguish.

Wherefore, the Plaintiff, Suzanne M. Bizilj, demands judgement against the Defendant, Domenico J. Spano, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 36
## Infliction of Emotional Distress - Westfield Sportsman's Club, Inc.

191.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 190 as if fully incorporated herein.

192.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Charles D. Bizilj was that of son and father respectively.

193.   Due to the negligence of the Defendant, Westfield Sportsman's Club, Inc., and as a proximate cause of that negligence, the Plaintiff, Charles D. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

194.   At all times material hereto, the Plaintiff, Charles D. Bizilj, was in close proximity to the incident and witnessed the shooting.

Wherefore, the Plaintiff, Charles D. Bizilj, demands judgement against the Defendant, Westfield Sportsman's Club, Inc. in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 37
## Infliction of Emotional Distress - COP Firearms & Training

195.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 194 as if fully incorporated herein.

196.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Charles D. Bizilj was that of son and father respectively.

197.   Due to the negligence of the Defendant, COP Firearms & Training, and as a proximate cause of that negligence, the Plaintiff, Charles D. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

198.   At all times material hereto, the Plaintiff, Charles D. Bizilj, was in close proximity to the incident and witnessed the shooting.

Wherefore, the Plaintiff, Charles D. Bizilj, demands judgement against the Defendant, COP Firearms & Training in the amount of $1,000,000.00 together with interest thereon and costs.


## COUNT 38
## Infliction of Emotional Distress - Edward Fleury

199.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 198 as if fully incorporated herein.

200.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Charles D. Bizilj was that of son and father respectively.

201.   Due to the negligence of the Defendant, Edward Fleury, and as a proximate cause of that negligence, the Plaintiff, Charles D. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

202.   At all times material hereto, the Plaintiff, Charles D. Bizilj, was in close proximity to the incident and witnessed the shooting.

Wherefore, the Plaintiff, Charles D. Bizilj, demands judgement against the Defendant, Edward Fleury in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 39
## Infliction of Emotional Distress - Provost Precision Pistols, LLC

203.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 202 as if fully incorporated herein.

204.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Charles D. Bizilj was that of son and father respectively.

205.   Due to the negligence of the Defendant, Provost Precision Pistols, LLC, and as a proximate cause of that negligence, the Plaintiff, Charles D. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

206.   At all times material hereto, the Plaintiff, Charles D. Bizilj, was in close proximity to the incident and witnessed the shooting.

Wherefore, the Plaintiff, Charles D. Bizilj, demands judgement against the Defendant, Provost Precision Pistols, LLC in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 40
## Infliction of Emotional Distress - Carl Giuffre

207.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 206 as if fully incorporated herein.

208.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff Charles D. Bizilj was that of son and father respectively.

209.   Due to the negligence of the Defendant, Carl Giuffre, and as a proximate cause of that negligence, the Plaintiff, Charles D. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

210.   At all times material hereto, the Plaintiff, Charles D. Bizilj, was in close
       proximity to the incident and witnessed the shooting.

       Wherefore, the Plaintiff, Charles D. Bizilj, demands judgement against the
Defendant, Carl Giuffre, in the amount of $1,000,000.00 together with interest
thereon and costs.


## COUNT 41
## Infliction of Emotional Distress - D & T Arms, LLC

211.   Plaintiff restates and alleges the allegations contained in paragraphs 1
       through 210 as if fully incorporated herein.

212.   At all times material hereto, the relationship of the decedent, ("Name
       Omitted") and the Plaintiff Charles D. Bizilj was that of son and father
       respectively.

213.   Due to the negligence of the Defendant, D & T Arms, LLC, and as a
       proximate cause of that negligence, the Plaintiff, Charles D. Bizilj,
       sustained great emotional distress, anxiety, shock and injury, all of which
       has caused and continues to cause, and will cause him great physical and
       mental pain, suffering and anguish.

214.   At all times material hereto, the Plaintiff, Charles D. Bizilj, was in close
       proximity to the incident and witnessed the shooting.

       Wherefore, the Plaintiff, Charles D. Bizilj, demands judgement against the
Defendant, D & T Arms, LLC in the amount of $1,000,000.00 together with
interest thereon and costs.


## COUNT 42
## Infliction of Emotional Distress - Domenico J. Spano

215.   Plaintiff restates and alleges the allegations contained in paragraphs 1
       through 214 as if fully incorporated herein.

216.   At all times material hereto, the relationship of the decedent, ("Name
       Omitted") and the Plaintiff Charles D. Bizilj was that of son and father
       respectively.

217.   Due to the negligence of the Defendant, Domenico J. Spano, and as a

proximate cause of that negligence, the Plaintiff, Charles D. Bizilj, sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

218.    At all times material hereto, the Plaintiff, Charles D. Bizilj, was in close proximity to the incident and witnessed the shooting.

Wherefore, the Plaintiff, Charles D. Bizilj, demands judgement against the Defendant, Domenico J. Spano, in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 43
## Infliction of Emotional Distress - Westfield Sportsman's Club, Inc.

219.    Plaintiff restates and alleges the allegations contained in paragraphs 1 through 218 as if fully incorporated herein.

220.    At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff ("Name Omitted") was that of brothers respectively.

221.    Due to the negligence of the Defendant, Westfield Sportsman's Club, Inc., and as a proximate cause of that negligence, the Plaintiff, ("Name Omitted"), sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

222.    At all times material hereto, the Plaintiff, ("Name Omitted"), was in close proximity to the incident and witnessed the shooting.

Wherefore, the Plaintiff, ("Name Omitted"), demands judgement against the Defendant, Westfield Sportsman's Club, Inc. in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 44
## Infliction of Emotional Distress - COP Firearms & Training

223.    Plaintiff restates and alleges the allegations contained in paragraphs 1 through 222 as if fully incorporated herein.

224.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff ("Name Omitted") was that of brothers respectively.

225.   Due to the negligence of the Defendant, COP Firearms & Training, and as a proximate cause of that negligence, the Plaintiff, ("Name Omitted"), sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

226.   At all times material hereto, the Plaintiff, ("Name Omitted"), was in close proximity to the incident and witnessed the shooting.

Wherefore, the Plaintiff, ("Name Omitted"), demands judgement against the Defendant, COP Firearms & Training in the amount of $1,000,000.00  together with interest thereon and costs.

## COUNT 45
## Infliction of Emotional Distress - Edward Fleury

227.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 226 as if fully incorporated herein.

228.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff ("Name Omitted") was that of brothers respectively.

229.   Due to the negligence of the Defendant, Edward Fleury, and as a proximate cause of that negligence, the Plaintiff, ("Name Omitted"), sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

230.   At all times material hereto, the Plaintiff, ("Name Omitted"), was in close proximity to the incident and witnessed the shooting.

Wherefore, the Plaintiff, ("Name Omitted"), demands judgement against the Defendant, Edward Fleury in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 46
## Infliction of Emotional Distress - Provost Precision Pistols, LLC

231.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 230 as if fully incorporated herein.

232.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff ("Name Omitted") was that of brothers respectively.

233.   Due to the negligence of the Defendant, Provost Precision Pistols, LLC, and as a proximate cause of that negligence, the Plaintiff, ("Name Omitted"), sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

234.   At all times material hereto, the Plaintiff, ("Name Omitted"), was in close proximity to the incident and witnessed the shooting.

   Wherefore, the Plaintiff, ("Name Omitted"), demands judgement against the Defendant, Provost Precision Pistols, LLC in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 47
## Infliction of Emotional Distress - Carl Giuffre

235.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 234 as if fully incorporated herein.

236.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff ("Name Omitted") was that of brothers respectively.

237.   Due to the negligence of the Defendant, Carl Giuffre, and as a proximate cause of that negligence, the Plaintiff, ("Name Omitted"), sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

238.   At all times material hereto, the Plaintiff, ("Name Omitted"), was in close proximity to the incident and witnessed the shooting.

   Wherefore, the Plaintiff, ("Name Omitted"), demands judgement against

the Defendant, Carl Giuffre, in the amount of $1,000,000.00 together with interest thereon and costs.


## COUNT 48
## Infliction of Emotional Distress - D & T Arms, LLC

239.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 238 as if fully incorporated herein.

240.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff ("Name Omitted") was that of brothers respectively.

241.   Due to the negligence of the Defendant, D & T Arms, LLC, and as a proximate cause of that negligence, the Plaintiff, ("Name Omitted"), sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

242.   At all times material hereto, the Plaintiff, ("Name Omitted"), was in close proximity to the incident and witnessed the shooting.

Wherefore, the Plaintiff, ("Name Omitted"), demands judgement against the Defendant, D & T Arms, LLC in the amount of $1,000,000.00 together with interest thereon and costs.

## COUNT 49
## Infliction of Emotional Distress - Domenico J. Spano

243.   Plaintiff restates and alleges the allegations contained in paragraphs 1 through 242 as if fully incorporated herein.
244.   At all times material hereto, the relationship of the decedent, ("Name Omitted") and the Plaintiff ("Name Omitted"), was that of brothers respectively.

245.   Due to the negligence of the Defendant, Domenico J. Spano, and as a proximate cause of that negligence, the Plaintiff, ("Name Omitted"), sustained great emotional distress, anxiety, shock and injury, all of which has caused and continues to cause, and will cause him great physical and mental pain, suffering and anguish.

246.    At all times material hereto, the Plaintiff, ("Name Omitted"), was in close proximity to the incident and witnessed the shooting.

Wherefore, the Plaintiff, ("Name Omitted"), demands judgement against the Defendant, Domenico J. Spano,  in the amount of $1,000,000.00 together with interest thereon and costs.

THE PLAINTIFFS DEMAND A TRAIL BY JURY ON ALL ISSUES

THE PLAINTIFFS
By Their Attorneys


/s/ Bruce S. Melikian, Esq.
BBO#:  542447
HURLEY, MELIKIAN, P.C.
95 State Street, Suite 309
Springfield, MA 01103
(413) 781- 4720
(413) 737-24 30 - Fax


/s/ Vincent A. Bongiorni, Esq.
BBO#:  049040
95 State Street, Suite 309
Springfield, MA 01103
(413) 732 - 0222
(413) 746 - 4971 – Fax


Date: April 27, 2010