UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE M. BIZILJ, Administratrix of the Estate of ("NAME OMITTED"), SUZANNE M. BIZILJ, Individually, CHARLES D. BIZILJ and ("NAME OMITTED"), <br>　　　　Plaintiffs, <br><br> v. <br><br> DOMENICO J. SPANO, D & T ARMS, LLC, CARL GUIFFRE, PROVOST PRECISION PISTOLS, LLC, EDWARD FLEURY, COP FIREARMS & TRAINING and WESTFIELD SPORTSMAN'S CLUB, INC., <br>　　　　Defendants, <br><br> v. <br><br> TOWN GUN SHOP, INC. and CHRISTOPHER PROVOST, Individually, <br>　　　　Third-Party Defendants. | Civil Action No. 3:10-CV-30080-MAP |

## THIRD PARTY DEFENDANT TOWN GUN SHOP, INC.'S MOTION TO DISMISS

Town Gun Shop, Inc., the third-party defendant to the above-captioned matter ("Town Gun"), moves pursuant to Fed. R. Civ. P. 12(b)(1) and (2) to dismiss the complaint of Suzanne M. Bizilj, Administratrix of the Estate of "Name Omitted", Suzanne M. Bizilj, Individually, Charles D. Bizilj and "Name Omitted" (the "Plaintiffs") and the third-party complaint of the defendant Westfield Sportsman's Club, Inc. (the "Club") for absence of both subject matter and personal jurisdiction.

1281429v1

In support of this motion, Town Gun states as follows:

1.      The Plaintiffs' complaint, on its face, establishes that federal subject matter jurisdiction is lacking; diversity jurisdiction exists only when there is complete diversity between the plaintiffs and the defendants, yet both the Plaintiffs and five of the defendants are citizens of the State of Connecticut.  28 U.S.C. § 1332(a); Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990); Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005).

2.      Town Gun is a nonresident of the Commonwealth of Massachusetts, and the Club's assertion of jurisdiction against it is neither authorized by statute nor consistent with basic due process requirements mandated by the United States Constitution.  See Caplan v. Donovan, 450 Mass. 463, 465 (2008); Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945).

Town Gun submits herewith a memorandum of law in support of this motion.

**WHEREFORE**, the Plaintiffs' complaint and the Club's third-party complaint should be dismissed as against Town Gun for absence of both subject matter and personal jurisdiction.

> Respectfully submitted,
> The Third-Party Defendant, TOWN GUN SHOP, INC.,
> By its attorneys,
>
> **MORRISON MAHONEY LLP**
>
>  /s/ Thomas T. Worboys
> Lawrence F. Boyle, BBO# 052680
> Thomas T. Worboys, BBO# 657636
> 250 Summer Street
> Boston, MA  02210
> (617) 439-7500
> lboyle@morrisonmahoney.com
> tworboys@morrisonmahoney.com

Dated:  July 26, 2010

## CERTIFICATE OF SERVICE

      The undersigned understands that the following counsel of record are registered on the court's CM/ECF database.  As a result, these individuals (1) will receive from the court electronic notification of the filing of the <u>Third Party Defendant Town Gun Shop, Inc.'s Motion to Dismiss</u>, filed via ECF on July 26, 2010; (2) have access to this document through the court's website; and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

| | |
|---|---|
| Bruce S. Melikian, Esq.<br>HURLEY, MELIKIAN, P.C.<br>95 State Street, Suite 309<br>Springfield, MA  01103<br>***Attorney for Plaintiffs*** | Vincent A. Bongiorni., Esq.<br>95 State Street, Suite 309<br>Springfield, MA  01103<br>***Attorney for Plaintiffs*** |
| Edward F. George, Jr., Esq.<br>EDWARD GEORGE & ASSOCIATES<br>110 Florence Street, 2nd Floor, P.O. Box 393<br>Malden, MA  02148<br>***Attorney for Defendant Westfield Sportsman's Club, Inc.*** | Thomas Drechsler, Esq.<br>BYRNE & DRESCHLER, LLP<br>Eastern Harbor Office Park<br>50 Redfield Street<br>Boston, MA  02122<br>***Attorney for Defendant Westfield Sportsman's Club, Inc.*** |

Dated:  July 26, 2010                        */s/ Thomas T. Worboys*
                                                      Thomas T. Worboys