UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE M. BIZILJ, Administratrix of the Estate of ("NAME OMITTED"), SUZANNE M. BIZILJ, Individually, CHARLES D. BIZILJ and ("NAME OMITTED"),<br>          Plaintiffs,<br><br>v.<br><br>DOMENICO J. SPANO, D & T ARMS, LLC, CARL GUIFFRE, PROVOST PRECISION PISTOLS, LLC, EDWARD FLEURY, COP FIREARMS & TRAINING and WESTFIELD SPORTSMAN'S CLUB, INC.,<br>          Defendants,<br><br>v.<br><br>TOWN GUN SHOP, INC. and CHRISTOPHER PROVOST, Individually,<br>          Third-Party Defendants. | Civil Action No. 3:10-CV-30080-MAP |

## MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY DEFENDANT TOWN GUN SHOP, INC.'S MOTION TO DISMISS

Town Gun Shop, Inc., the third-party defendant to the above-captioned matter ("Town Gun"), hereby submits the following memorandum of law in support of its motion to dismiss the complaint of Suzanne M. Bizilj, Administratrix of the Estate of "Name Omitted," Suzanne M. Bizilj, Individually, Charles D. Bizilj and "Name Omitted" (the "Plaintiffs") and the third-party complaint of the defendant Westfield Sportsman's Club, Inc. (the "Club") pursuant to Fed. R. Civ. P. 12(b)(1) and (2) for absence of both subject matter and personal jurisdiction.

1281524v1

## I.   INTRODUCTION

There are two separate and equally compelling bases for dismissing the Club's third-party complaint: (1) since the parties to the original action are not diverse, this Court does not have subject matter jurisdiction; and (2) since the Club has neither articulated any basis for personal jurisdiction nor alleged any facts that could conceivably support personal jurisdiction, there is no basis for this court to assert personal jurisdiction over Town Gun.

The Plaintiffs' action for wrongful death arises out of the accidental shooting death of their minor child (the "Minor Child"). On October 26, 2008, Plaintiff Charles D. Bizilj took his two (2) children (an eight-year old and an eleven year old) to a firearms exposition held at the Westfield Sportsman's Club, a non-profit outdoors association with a stated purpose of, among other things, "promot[ing] the interest of legal sport with rod, gun, and bow and arrow, both directly and through training."[1] At the exposition, Plaintiff Charles D. Bizilj paid a fee to have his eight-year old Minor Child shoot, without assistance, a fully automatic 9mm Micro-Uzi submachine gun (the "Uzi").[2] As the eight year-old Minor Child attempted to pull the trigger, he lost control of the Uzi, and the weapon discharged killing the Minor Child.

The Plaintiffs originally brought suit against the entities (and individuals) that hosted and sponsored the event, owned the incident Uzi, brought the Uzi to the event from Connecticut, and permitted the Minor Child to use the Uzi. The Club, which hosted the event, subsequently brought a third-party complaint against Town Gun, a firearms retailer located in Collinsville,

---

[1] See Westfield Sportsman's Club Webpage, available at http://www.angelfire.com/ma/westfieldsports/organiz.html, last visited July 16, 2010.

[2] To put this firearm in perspective, the micro-Uzi is a "scaled down" version of the Uzi as it is shorter in length than the original Uzi submachine gun or the mini-Uzi submachine gun, measuring about nineteen or eleven inches in length depending on whether the stock is folded. Although smaller than the other models, the forces are no less powerful as the muzzle velocity of the Micro-Uzi is 350 meters per second (almost 1150 feet per second), and it fires at a rate of 1,200 rounds per minute. See Dockery, Kevin (2007), Future Weapons, Berkeley Trade. pp. 227-29.

Virginia, asserting negligence (negligent entrustment and negligence per se) and product liability claims. Town Gun's only purported connection to this matter, however, is that on June 25, 2001, **over seven years prior to the incident in question**, it lawfully sold the Micro-Uzi to Provost's Precision Pistols, LLC ("Provost"), a company located in Connecticut. The micro-Uzi is considered a "post-1986 dealer sample," which means that the Uzi can only be transferred to an entity with a Class 3 Federal Firearms License ("FFL") and that the Uzi can only be demonstrated to law enforcement or the military. It is undisputed that Provost possessed a valid Class 3 license at the time it purchased the Uzi.

The third-party complaint must be dismissed as a matter of law because it suffers from fatal jurisdictional defects. First, there is a lack of subject matter jurisdiction because the parties in the original lawsuit are not diverse; the Plaintiffs and at least five (5) of the named Defendants in the original lawsuit are residents of the State of Connecticut. Additionally, the Club has not articulated any basis in its third-party complaint for asserting personal jurisdiction over Town Gun, a corporation located in Virginia. In fact, since it is only alleged that seven years ago Town Gun transferred the incident Uzi to Provost in **Connecticut**, there is no connection between Town Gun and Massachusetts alleged at all.

## II.    ALLEGATIONS

On or about May 5, 2010, the Plaintiffs filed suit against the Club, Edward Fleury ("Fleury"), COP Firearms & Training ("COP"), Carl Guiffre ("Guiffre"), Provost, Domenico J. Spano ("Spano"), and D & T Arms, LLC ("D & T"). On or about May 25, 2010, the Club filed its third-party complaint against Town Gun.[3] A brief synopsis of the allegations contained in both the original and third-party complaints follows.

---

[3] Please note that the third-party complaint also names Christopher Provost as a third-party defendant, wherein it is alleged that, in addition to Guiffre, Christopher Provost is an owner of Provost. (Dkt. No. 6, ¶ 2.)

A.   **FACTUAL ALLEGATIONS.**

On October 26, 2008, the Club held a firearms exposition (the "Expo") sponsored by the defendant COP and its principal, Fleury, in Westfield, Massachusetts. (See Dkt. No. 1, Complaint, ¶¶ 15-17.) Fleury, who was Chief of Police of the Town of Pelham, Massachusetts at the time, hired Provost and D & T to provide firearms and weapons for use by the general public at the Expo. (Id. ¶ 24.) Guiffre, the principal of Provost, owned the Uzi at issue and provided it to Spano, the principal of D & T, who, in turn, provided it to Fleury (COP) for use at the Expo. (Id. ¶ 23.) Thereafter, at the Expo, the Plaintiff Charles D. Bizilj rented the Uzi from Fleury for his eight-year-old Minor Child to shoot. (Id. ¶¶ 17, 21-22, 24.)

The Minor Child operated the Uzi under the supervision of a fifteen year-old range officer, who loaded the Uzi and gave it to the Minor Child to fire unassisted. (Id. ¶¶ 28-29, 31.) The Minor Child attempted to fire the Uzi twice, but it jammed both times requiring the range officer to clear the jam. (Id. ¶¶ 32-33.) After clearing the second jam, the range officer handed the Uzi back to the Minor Child. (Id. ¶ 33.) With his finger on the trigger, the eight year-old Minor Child lost control of the Uzi as he was raising it to his shoulder, and the Uzi discharged, killing the Minor Child (Id. ¶ 34.)

Town Gun's only purported connection to this matter is that on June 25, 2001, over seven years prior to the above-described incident, the Uzi was sold by Town Gun to Provost in Connecticut. (See Dkt. No. 6, Third-Party Complaint, ¶¶ 43-44, 48-49.)

B.   **JURISDICTIONAL ALLEGATIONS.**

   1.   **Subject Matter Jurisdiction.**

The Plaintiffs allege that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (See Dkt. No. 1, Complaint, ¶¶ 12-13.) The Plaintiffs are citizens of the State of

4

Connecticut. (Id. ¶ 1-4.) Defendants Guiffre and Spano are also citizens of the State of Connecticut, and Defendants Provost and D & T are Connecticut corporations. (Id. ¶¶ 8-11.) Defendant Fleury is a citizen of the Commonwealth of Massachusetts, and Defendant COP is a Massachusetts corporation. (Id. ¶¶ 6-7.) Defendant/Third-Party Plaintiff the Club is incorporated under the laws of the Commonwealth of Massachusetts with a principal place of business at Furrowton Road, Westfield, Massachusetts. (Id. ¶ 5.)

### 2. Personal Jurisdiction.

Town Gun is a corporation organized under the laws of the Commonwealth of Virginia with a principal place of business at 3985 Virginia Avenue, Collinsville, Virginia, (See Dkt. No. 6, Third-Party Complaint, ¶ 6.), but the Club's third-party complaint does not state on what basis it seeks to establish personal jurisdiction over Town Gun. Rather, the only fact pleaded in the Club's third-party complaint which touch upon any connection with the Commonwealth of Massachusetts is an allegation "that a substantial part of the acts and omissions giving rise to the third-party complaint asserted herein occurred in . . . Massachusetts." (Id. ¶ 7.)

### C. LIABILITY ALLEGATIONS.

The Plaintiffs bring causes of action against the defendants (the Club, COP, Fleury, Provost, Giuffre, D & T and Spano) sounding in negligence (negligent entrustment, negligent maintenance, negligent training and negligent infliction of emotional distress) as well as seeking damages pursuant to the wrongful death statute, G.L., c. 229, § 2. (See generally Dkt. No. 1, Plts. Complaint, ¶¶ 40-246.) The Club brings its third-party action for contribution against Town Gun and alleges that at the time Town Gun sold the Uzi to Provost – June 25, 2001 – Town Gun knew or should have known that Provost was likely to allow the general public to use it and that,

5

1281524v1

therefore, Town Gun is liable for the Minor Child's death seven years after the sale.  (See Dkt. No. 6, Third-Party Complaint, ¶¶ 43-44, 48-49.)

### III.  MOTION TO DISMISS STANDARD

Defendant brings this motion pursuant to Fed. R. Civ. P. 12(b)(1) and (2) for lack of both subject matter and personal jurisdiction.

**A.  THE COURT HAS DISCRETION TO DECIDE THE ORDER IN WHICH THRESHOLD ISSUES ARE DETERMINED.**

Although a federal court "[c]ustomarily . . . resolves doubts about its jurisdiction over the subject matter [first]," there is not an "unyielding jurisdictional hierarchy." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 575 (1999).  When a straightforward issue of personal jurisdiction is presented, a district court is entitled to address the personal jurisdiction issue first. Id. at 585; see also McBee v. Delica Co., Ltd., 417 F.3d 107, 128 n. 17 (1st Cir. 2005) (explaining that the Ruhrgas decision "established that a court can, in some circumstances, dispose of a case on a different threshold ground before reaching subject matter jurisdiction"); In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 64 n. 1 (1st Cir. 2002) (citing Ruhrgas and explaining that while subject-matter jurisdiction precedes a ruling on the merits, the same principle does not dictate a sequencing of jurisdictional issues as a court may "choose among threshold grounds for denying audience to a case on the merits").  Thus, when a case presents straightforward personal jurisdiction issues, a court, in its discretion, may choose to address that issue first, and in this case, the bases to dismiss for lack of personal jurisdiction are as equally straightforward as the bases to dismiss for lack of subject matter jurisdiction.  Accordingly, the Court has discretion to decide this motion under either basis.

B.  **STANDARD FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION.**

In cases originally filed in federal court, such as the case at bar, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) ("Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed. Instead, the proponent – here, the plaintiffs, – must carry the burden of demonstrating the existence of federal jurisdiction."); Hamada v. Gillen, 616 F. Supp. 2d 177, 180 (D. Mass. 2009) ("The party asserting subject matter jurisdiction has the burden of establishing its existence.") The failure to adequately plead jurisdiction may be raised by way of a pre-answer motion to dismiss under Rule 12(b)(1). See Arbaugh v. Y&H Corp., 546 U.S. 500, 507 (2006). When a motion under Rule 12(b)(1) is brought to attack the pleader's failure to comply with Rule 8(a)(1) – often referred to as a "facial" challenge to subject matter jurisdiction – the court looks to the four corners of the complaint to determine whether the plaintiff's allegations are sufficient, if taken as true, to establish a proper basis for federal subject matter jurisdiction. Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Kontrick v. Ryan, 540 U.S. 443, 455 (2004) (citing Fed. R. Civ. P. 12(h)(3)). Furthermore, "[a] court without subject-matter jurisdiction may not acquire it by consent of the parties." Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005); In re Whatley, 396 F. Supp. 2d 50, 58 (D. Mass. 2005) ("[A]lthough the parties have consented to jurisdiction, this Court has no subject matter jurisdiction based on diversity . . . .").

7

**C.   STANDARD FOR DISMISSAL FOR LACK OF PERSONAL JURISDICTION.**

On a motion to dismiss for want of *in personam* jurisdiction pursuant to Rule 12(b)(2), the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists. See, e.g., Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. 1997). In conducting the analysis under the prima facie standard, the court takes specific facts affirmatively alleged by the plaintiff as true and construes them in the light most congenial to the plaintiff's jurisdictional claim.[4] See Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 210, 203 (1st Cir. 1994). When the complaint does not contain facts sufficient to support a finding of personal jurisdiction, the plaintiff has failed to make a prima facie case showing that personal jurisdiction over the defendant exists. See MacFarlane v. McKean, 4 F.3d 982, 984 (1st Cir. 1993); see also Adelson v. Hananel, 510 F.3d 43, 48 (1st Cir. 2007). The law does not require the court, however, to "credit conclusory allegations or draw farfetched inferences." Ticketmaster-N.Y., 26 F.3d at 203.

In assessing personal jurisdiction over a non-resident, a federal court exercising diversity jurisdiction is "the functional equivalent of a state court sitting in the forum state." N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005) (internal quotations omitted). Under Massachusetts law, "[t]he exercise of personal jurisdiction is only appropriate if it is both [1] authorized by statute and [2] consistent with the due process requirements of the United States Constitution." Builder's Resource, Inc. v. Coreslab Structures, Inc., 538 F. Supp. 2d 324, 327 (D. Mass. 2008). There are two means of establishing jurisdiction over a nonresident defendant: specific and general jurisdiction. Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005).

---

[4] Various methods have been used for determining whether a plaintiff has met his burden of establishing personal jurisdiction over a defendant: the prima facie method; the preponderance-of-the-evidence method; and the likelihood method. See, e.g. Killion v. Commonwealth Yachts, 421 F. Supp. 2d 246, 252 (D. Mass. 2006). It is recognized, however, that the prima facie method, where a court considers only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction, is most commonly used. See Kim v. Veglas, 607 F. Supp. 2d 286, 291 (D. Mass. 2009).

Specific jurisdiction exists "when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n., 142 F.3d 26, 34 (1st Cir. 1998). General jurisdiction, on the other hand, will exist when the defendant is "engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Ibid.

## IV.  ARGUMENT

Based on the allegations asserted, the third-party action against Town Gun must be dismissed due to both lack of subject matter and lack of personal jurisdiction.

**A.  SINCE THE PARTIES IN THE ORIGINAL ACTION ARE NOT DIVERSE, THIS COURT LACKS SUBJECT MATTER JURISDICTION.**

Since the parties in the original action are not diverse, this Court lacks subject matter jurisdiction over both the original and third-party actions. Pursuant to 28 U.S.C. § 1332(a), the United States District Court has jurisdiction over all civil actions between citizens of different states so long as the amount in controversy exceeds $75,000. Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005). Where, as here, a suit is based on diversity jurisdiction (see Dkt. No. 1, Complaint, ¶¶ 12-13, "[t]he court has jurisdiction based upon diversity of citizenship as set forth in 28 U.S.C. § 1332"), the plaintiff must allege facts showing that the parties are completely diverse – that is, no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990). For suits initially filed in federal court, diversity is determined by the facts on the date the complaint was filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004).

In this case, the Plaintiffs have alleged that they are all residents of the State of Connecticut. (See Dkt. No. 1, Complaint, ¶¶ 1-4.) Additionally, the Plaintiffs have alleged that

the defendants COP, Provost, Guiffre, D & T and Spano are also citizens of the State of Connecticut. (Id. ¶¶ 8-11.) Consequently, there is no complete diversity of citizenship in the original action, and the Court does not have subject matter jurisdiction.[5] Gabriel v. Preble, 396 F.3d at 13-16 (affirming District Court dismissal for lack of jurisdiction over the subject matter arising from lack of complete diversity); see also Hoover v. Gershman Inv. Corp., 774 F. Supp. 60, 64-65 (D. Mass. 1991) (dismissing the plaintiff's complaint for lack of jurisdiction over the subject matter arising from lack of complete diversity). Since the Club's third-party complaint for contribution is wholly derivative of the causes of action alleged in the original complaint, Dighton v. Federal Pacific Electric Co., 339 Mass. 687, 691 (1987) ("The right to contribution is derivative of the joint liability in tort of the third-party plaintiff and the third-party defendant."), the third-party action cannot survive and must be dismissed as well.[6]

**B.    SINCE THE THIRD-PARTY PLAINTIFF HAS FAILED TO PLEAD FACTS ESTABLISHING THE EXISTENCE OF GENERAL OR SPECIFIC PERSONAL JURISDICTION, THERE IS NO BASIS TO ASSERT PERSONAL JURISDICTION OVER THE NONRESIDENT THIRD-PARTY DEFENDANT.**

Additionally, the Club's third-party complaint must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Preliminarily, the Club has failed to allege any basis for asserting personal jurisdiction over Town Gun. In addition to that fatal defect, the Club has failed to set forth facts which, even when read in the broadest possible light, could establish the existence of either specific or general personal jurisdiction over Town Gun.

---

[5] Although a federal court may exercise ancillary jurisdiction in matters where there is no diversity of citizenship between a plaintiff and a third-party defendant so long as those parties are not adverse, this is a case where there is no diversity of citizenship between the plaintiffs and the defendants to the original complaint. See 28 U.S.C. § 1367(b); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 66 n. 1 (1996).

[6] Thus, the fact that the third-party plaintiff and the third-party defendant are diverse (Massachusetts and Virginia, respectively) is not a basis to maintain this action in federal court.

1. **The Third-Party Plaintiff Has Failed to Provide Authority to Support the Assertion of Personal Jurisdiction Over the Nonresident Third-Party Defendant.**

In the "Jurisdiction and Venue" section of the third-party complaint (Dkt. No. 6, ¶¶ 5-7), the Club has failed to provide any basis for asserting personal jurisdiction over Town Gun, a corporation located in Virginia, and nowhere else in the third-party complaint are there references to any authority which purports to justify hailing Town Gun into federal court in Massachusetts. (See generally Dkt. No. 6.) Since the Club has not articulated any basis for its assertion of either specific or general personal jurisdiction over Town Gun, the third-party complaint should be dismissed as a matter of law. See Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008) (refusing to engage in an analysis of general jurisdiction when "[t]here is no claim [in the complaint] of general jurisdiction"); Kim v. Veglas, 607 F. Supp. 2d 286, 291 (D. Mass. 2009) (holding that where a complaint did not allege that the defendant had "continuous and systematic contacts with" Massachusetts, there was no basis to exercise general personal jurisdiction); Builder's Resource, Inc. v. Coreslab Structures, Inc., 538 F. Supp. 2d 324, 327 (D. Mass. 2008) (holding that where a party does not claim that an action arises from a defendant's activities within Massachusetts, there can be no claim for specific personal jurisdiction). Inasmuch as the Club's third-party complaint is devoid of any basis for asserting personal jurisdiction on its face, the third-party action should be dismissed.

2. **The Third-Party Plaintiff Has Failed to Allege Facts to Support its Assertion of Personal Jurisdiction Over Town Gun.**

Aside from the fact that the Club has failed to provide any legal basis for asserting personal jurisdiction over Town Gun in its third-party complaint, even construing its factual allegations in the light most favorable to the Club also reveals that there is no basis for personal

jurisdiction. "The exercise of personal jurisdiction is only appropriate if it is authorized by statute and consistent with the due process requirements of the United States Constitution." Builder's Resource, Inc. v. Coreslab Structures, Inc., 538 F. Supp. 2d 324, 327 (D. Mass. 2008). Although personal jurisdiction can be premised only upon a showing of either specific or general jurisdiction, the third-party complaint sets forth no facts to support either theory.

      i.     Specific Personal Jurisdiction.

To establish specific personal jurisdiction, a plaintiff must show that its cause of action arises from one of the specific acts delineated in the Massachusetts long-arm-statute (Mass. Gen. Laws ch. 233A, § 3(a)-(c), (e)-(h)) and, if it does, that the exercise of jurisdiction is consistent with the due process clause of the Constitution. Hannon v. Beard, 524 F.3d 275, 280 (1st Cir. 2008). In this instance, the Club has failed to allege facts to satisfy either step in the process.

      *a.     The Cause of Action Does Not Arise From Any of the Specific Acts in the Long-Arm Statute.*

The specific activities listed in the Massachusetts long-arm statute which give rise to specific personal jurisdiction include: transacting business in the Commonwealth; contracting in the Commonwealth; causing tortious injury by an act or omission in the Commonwealth; having an interest in real property in the Commonwealth; or contracting to insure a person or property in the Commonwealth.[7] G.L. c. 233A, § 3(a)-(c), (e)-(h).[8] To satisfy this statute, the plaintiff's cause of action must **arise from** these specified activities. See, e.g., Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Heins v. Wilhelm Loh Wetzlar Optical Mach. GMBH, 26

---

[7] Because case law demonstrates that Section 3(d) the Massachusetts long-arm statute is the codification of the theory of general personal jurisdiction, see Noonan v. The Winston Co., 135 F.3d 92-93 (1st Cir. 1998); Landmark Bank v. Machera, 736 F. Supp. 375, 384 (D. Mass. 1990) (explaining that Section 3(d) "reflects the theory of general personal jurisdiction"), this section of the statute is addressed in Argument Section B.2.ii., *infra*.

[8] Sections 3(g) and 3(h) of the long-arm statute apply to family law matters (divorce, custody, matrimonial disputes, etc.) and, accordingly, are in no way be implicated in this matter.

12

1281524v1

Mass. App. Ct. 14, 19 (1989) (explaining that there must be a rational nexus between the activity and the cause of action).

In this instance, the Club's third-party complaint lacks any factual allegations involving any of the above-specified activities on the part of Town Gun. Moreover, even if the Club had alleged that Town Gun transacted business in Massachusetts or contracted in Massachusetts, there would still be no basis for specific personal jurisdiction because neither the third-party action nor the original action arise from such activities. The Club's sole factual allegation is that, over seven years ago, Town Gun, a Virginia corporation, sold the Uzi to Provost, a Connecticut corporation. (See Dkt. No. 6, Third Party Complaint, ¶¶ 48-49.) The Club asserts no facts which establish that the litigation directly arises out of, or relates to, any activities by Town Gun in Massachusetts. Instead, the sale of the Uzi was to a Connecticut gun dealer, not to a Massachusetts gun dealer. (See Dkt. No. 1, Complaint, ¶ 8; see also Dkt. No. 6, Third-Party Complaint, ¶ 43.) There are no facts alleged linking the Minor Child's passing with any business transaction by Town Gun in Massachusetts, or with any other connection between Town Gun and Massachusetts, and, therefore, there can be no "rational nexus" between that claim and any activity in which Town Gun engaged in Massachusetts. Accordingly, since the cause of action does not arise out of any activity by Town Gun in Massachusetts, there can be no claim for specific personal jurisdiction. See Builder's Resource, Inc., 538 F. Supp. 2d at 327 (explaining that since there is no basis for the plaintiff to argue that the cause of action arises out of the defendant's activities in the Commonwealth, the issue cannot be one of specific jurisdiction).

> b. *The Unilateral Acts of a Third Party are Insufficient to Satisfy the Due Process Requirements for Specific Personal Jurisdiction.*

An additional basis for finding that specific personal jurisdiction is absent is that the unilateral acts of a third party cannot satisfy due process. The second step in the specific jurisdiction analysis is to determine whether the exercise of jurisdiction would be consistent with federal due process considerations, which, in the case of specific jurisdiction, requires an analysis of three separate categories: "relatedness, purposeful availment, and reasonableness." Phillips, 530 F.3d at 27.

In order to satisfy the relatedness requirement, "[t]he evidence produced to support specific jurisdiction must show that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts." Harlow, 432 F.3d at 60-61. Stated another way, "[t]here must be more than just an attenuated connection between the contacts and the claim." Phillips, 530 F.3d at 27. In terms of foreseeability and purposeful availment, it is well-settled that the unilateral acts of another party is insufficient to confer jurisdiction over an out-of-state defendant. See Phillips, 530 F.3d at 28; Nat'l Gypsum Co. v. Cont'l Brands Corp., 895 F. Supp. 328, 343 (D. Mass. 1995) ("The mere fact that chemicals that [the defendant] produced found their way into Massachusetts through the actions of third parties and caused harm there is insufficient to confer personal jurisdiction over [the defendant]."); Callahan v. Harvest Bd. Int'l, Inc., 138 F. Supp. 2d 147, 165 (D. Mass. 2001) ("[J]urisdiction may not rest on the unilateral activity of another party or a third person."); see also Donatelli v. Nat'l Hockey League, 893 F.2d 459, 469 (1st Cir. 1990) ("[H]aling the [defendant] into the forum solely as a result of

attenuated third-party contacts or activities for which the [defendant] was not responsible [is impermissible as p]ersonal jurisdiction cannot be hung on so fragile a hook.").[9]

Clearly, the Club's claims would not satisfy due process standards because its entire cause of action is premised upon the action of a third party. Pursuant to the allegations in the third-party complaint, Town Gun's only connection to Massachusetts is that, seven years after it sold the Uzi to a Connecticut company (Provost), the Uzi was taken to the Expo in Westfield, Massachusetts by a third party. This attenuated connection to the forum is insufficient as a matter of law and, accordingly, there is no basis to assert specific personal jurisdiction.

### ii. General Personal Jurisdiction.

Section 3(d) of the Massachusetts long-arm statute is the statutory authorization for the assertion of general personal jurisdiction in Massachusetts, see Noonan v. The Winston Co., 135 F.3d 92, 93 (1st Cir. 1998), and states that personal jurisdiction over a nonresident defendant may be premised upon the defendant:

> causing tortious injury in this commonwealth by an act or omission outside this commonwealth *if* he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.

G.L. c. 223A, § 3(d) (emphasis added). Thus, to satisfy due process for an assertion of general personal jurisdiction, there must be continuous and systematic general business contacts between the defendant and the forum. Killion v. Commonwealth Yachts, 421 F. Supp. 2d 246, 256 (D. Mass. 2006). This test is considerably more stringent than that applied to specific jurisdiction

---

[9] The reasonableness analysis balances the five so-called "Gestalt" factors to determine whether asserting personal jurisdiction in a given instance is reasonable. Adelson, 510 F.3d at 51. Those factors are: (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies. Ibid. Since there is no basis for specific jurisdiction based on the first two steps in the analysis, it is unnecessary to also analyze the reasonableness step.

questions. Noonan v. The Winston Co., 135 F.3d at 93. Additionally, the plaintiff must show that the exercise of jurisdiction would be reasonable. Killion, 421 F. Supp. 2d at 256. Thus, to establish general jurisdiction, there must be sufficient facts alleged to show that (1) an extrajurisdictional tortious act was committed that harmed the Plaintiffs; (2) Town Gun has "continuous and systematic" contacts with the Commonwealth; and (3) the exercise of jurisdiction would be reasonable.

The Club's third-party complaint fails to allege facts to support any of the three requirements for general jurisdiction. First, although the Club has asserted that Town Gun should have foreseen, back in 2001, that Provost would let members of the general public use the Uzi (see Dkt. No. 6, Third Party Complaint, ¶¶ 48-49), the Court is not obligated to "credit conclusory allegations or draw farfetched inferences" in ruling on a motion to dismiss for lack of personal jurisdiction. Workgroup Tech. Corp. v. MGM Grand Hotel, 246 F.Supp.2d 102, 108 (D. Mass. 2003) (citing Ticketmaster-N.Y., Inc., 26 F.3d at 203). There are no facts contained within the Club's third-party complaint that could ever substantiate such a claim.

Second, there are no facts alleged demonstrating that Town Gun has **any contacts** with the forum let alone "continuous and systematic" contacts. Indeed, there are no facts upon which the Court can draw even an inference that Town Gun engaged in systematic activity, unrelated to this litigation, in Massachusetts. Finally, inasmuch as Town Gun is a Virginia corporation, it would be an undue burden to force it to appear in Massachusetts when it has no connections to this forum. See, e.g., Adelson, 510 F.3d at 51. As a result, the Club's third-party complaint should be dismissed as against Town Gun. See Rush v. Savchuk, 444 U.S. 320, 329 (1980).

## V.   CONCLUSION

For all of the foregoing reasons, the Plaintiffs' complaint and the Club's third-party complaint should be dismissed as against Town Gun for absence of both subject matter and personal jurisdiction.

>Respectfully submitted,
>The Third-Party Defendant, TOWN GUN SHOP, INC.,
>By its attorneys,
>
>**MORRISON MAHONEY LLP**
>
>
>  */s/ Thomas T. Worboys*
> Lawrence F. Boyle, BBO# 052680
> Thomas T. Worboys, BBO# 657636
> 250 Summer Street
> Boston, MA  02210
> (617) 439-7500
> lboyle@morrisonmahoney.com
> tworboys@morrisonmahoney.com

Dated:  July 26, 2010

## CERTIFICATE OF SERVICE

The undersigned understands that the following counsel of record are registered on the court's CM/ECF database. As a result, these individuals (1) will receive from the court electronic notification of the filing of the <u>Memorandum of Law in Support of Third Party Defendant Town Gun Shop, Inc.'s Motion to Dismiss</u>, filed via ECF on July 26, 2010; (2) have access to this document through the court's website; and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

Bruce S. Melikian, Esq.
HURLEY, MELIKIAN, P.C.
95 State Street, Suite 309
Springfield, MA  01103
*Attorney for Plaintiffs*

Vincent A. Bongiorni., Esq.
95 State Street, Suite 309
Springfield, MA  01103
*Attorney for Plaintiffs*

Edward F. George, Jr., Esq.
EDWARD GEORGE & ASSOCIATES
110 Florence Street, 2nd Floor, P.O. Box 393
Malden, MA  02148
*Attorney for Defendant Westfield Sportsman's Club, Inc.*

Thomas Drechsler, Esq.
BYRNE & DRESCHLER, LLP
Eastern Harbor Office Park
50 Redfield Street
Boston, MA  02122
*Attorney for Defendant Westfield Sportsman's Club, Inc.*

Dated:  July 26, 2010

*/s/ Thomas T. Worboys*
Thomas T. Worboys