UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUZANNE M. BIZILJ, ET AL.,          )
       Plaintiffs                   )
                                    )
                 v.            )  C.A. NO. 10-cv-30080-MAP
                                    )
WESTFIELD SPORTSMAN'S CLUB,          )
ET AL.,                              )
       Defendants                   )

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS TO DISMISS AND
SUA SPONTE ORDER OF DISMISSAL
AS TO REMAINING DEFENDANTS
(Dkt. Nos. 11, 23, 25, & 27)

November 18, 2010

PONSOR, U.S.D.J.

    This case arises out of the death of an eight-year-old boy at a gun show and firearms expo held in Westfield, Massachusetts on October 26, 2008.  The parties include the Westfield Sportsman's Club, COP Firearms and Training of Amherst, Edward Fleury, Domenico J. Spano, D&T Arms, LLC, Carl Giuffre, and Provost Precision Pistols, LLC.  Westfield Sportsman's Club, as a third-party Plaintiff, has sued Town Gun Shop, Inc. and Christopher Provost as third-party Defendants.

    Two Defendants, Spano and D&T Arms, have moved to dismiss based on the lack of subject matter jurisdiction. In addition, both third-party Defendants, Town Gun Shop and

Provost, have moved to dismiss the third-party complaint brought against them by Westfield Sportsman's Club. All motions came before the court for argument on November 17, 2010. The parties' submissions make it clear that this court lacks any subject matter jurisdiction. No claim for federal question jurisdiction is offered, and the parties to the case are clearly not diverse. Thus, all counsel at the hearing quickly conceded that the court lacked subject matter jurisdiction.[1]

Based on the lack of subject matter jurisdiction, the Motions to Dismiss filed by Spano and D&T Arms (Dkt. Nos. 23 and 25) are hereby ALLOWED. In addition, because the third-party action is wholly derivative of the primary complaint, the Motions to Dismiss of the two third-party Defendants (Dkt. Nos. 11 & 27) are also ALLOWED, based upon a lack of subject matter jurisdiction.

The third-party Defendant Town Gun Shop sought dismissal on an alternative ground, the lack of personal jurisdiction, but the court declines to rule on that basis. The question of personal jurisdiction will remain open, and Town Gun Shop may file a motion to dismiss on that basis if

---

[1] Two parties to the litigation, Edward Fleury and COP Firearms and Training of Amherst, were not represented at the hearing because no attorney has filed an appearance on their behalf.

this case is re-filed in state court. Nothing in this decision is intended to indicate an opinion one way or another as to the existence of personal jurisdiction. The absence of subject matter jurisdiction is so manifest that no further inquiry need be made.

In addition to allowing the motions to dismiss that have actually been filed, the court also hereby <u>sua sponte</u> DISMISSES the claims against all other Defendants in this case. This <u>sua sponte</u> ruling includes both existing Defendants who may not have filed a motion to dismiss, as well as Defendants Fleury and COP Firearms and Training of Amherst, for whom an attorney has not yet appeared.

Since this ruling disposes of all claims against all Defendants, this case may now be closed.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u><br>
MICHAEL A. PONSOR<br>
U. S. District Judge